## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ATLANTIC CASUALTY § | | |
| INSURANCE COMPANY, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-07-2849 | |
| § | | |
| McCORMICK BROS. § | | |
| CONSTRUCTION CO., INC., *et al.*, § | | |
|     Defendants. § | | |

## **MEMORANDUM AND ORDER**

This declaratory judgment action is before the Court on the Motion for Summary Judgment ("Motion") [Doc. # 29] filed by Plaintiff Atlantic Casualty Insurance Company ("Atlantic"). *Pro se* Defendant Norberto San Martin was ordered to file any opposition to the Motion by July 25, 2008. San Martin neither responded by the July 25 deadline nor requested an extension of time to respond. Based on the Court's review of the full record and the governing legal authorities, and on the absence of any opposition from San Martin, the Court **grants** Plaintiff's Motion.

### I.    **BACKGROUND**

Atlantic issued a commercial general liability policy number L089002806 (the "Policy") to McCormick Bros. Construction Co., Inc. ("McCormick"). Coverage under the Policy began on July 15, 2005, and was cancelled effective January 2, 2006.

In September 2006, San Martin sued McCormick, TRS Construction, Inc. ("TRS"), and Jose Luis Ramirez in the 127th Judicial District Court of Harris County, Texas. In the lawsuit, *Norberto San Martin v. McCormick Bros. Construction Co., Inc., et al.*, Cause No. 2006-61121 (the "Underlying Lawsuit"), San Martin alleged that he was injured in August 2005 while working for Ramirez at a hospital construction site in Harris County. *See* Underlying Lawsuit Petition, Exh. 1A to Motion, ¶¶ 10-11. Specifically, Plaintiff alleges that he was preparing sky lights on the ceiling when his ladder slipped and he fell approximately twenty feet. *See id.*, ¶¶ 12-13.

In September 2007, Atlantic filed this declaratory judgment action against McCormick, TRS, and San Martin.[1] Atlantic sought a declaration that it owes no duty to defend or indemnify McCormick and no duty to indemnify San Martin for the claims in the Underlying Lawsuit.

In March 2008, after properly serving McCormick with the summons and complaint in this case, Atlantic filed a Motion for Default Judgment [Doc. # 25] against McCormick. Consistent with the Court's procedures, Atlantic served the Motion for Default Judgment on McCormick, together with notice that McCormick was required to respond to the Complaint and to the Motion for Default Judgment

---

[1] TRS was dismissed voluntarily. *See* Order [Doc. # 16].

within fifteen calendar days. *See* Notice [Doc. # 24]. By Order [Doc. # 25] entered March 24, 2008, the Court granted Atlantic's Motion for Default Judgment against McCormick.

By Order [Doc. # 28] entered May 8, 2008, the Court allowed San Martin's attorneys to withdraw. A copy of the Order was sent to San Martin, *pro se*, at his last known address.

Atlantic filed the current Motion on June 2, 2008. By Order [Doc. # 30] entered June 27, 2008, San Martin was directed to file any response in opposition to the Motion by July 25, 2008. San Martin has not filed a response, and has not requested an extension of the July 25 deadline. The Motion is ripe for decision.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case for which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322-23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

Where the movant bears the burden of proof at trial on the issues at hand, as is the case here, it "bears the initial responsibility of demonstrating the absence of a genuine issue of material fact with respect to those issues." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718 (5th Cir. 1995); *see also Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001).

## III.   ANALYSIS

### A.   Applicable Legal Principles

As an initial matter, the duty-to-indemnify issue is generally not ripe for decision until after the underlying suit is concluded and damages are assessed, unless "the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify." *Farmers Tex. County Mut. Ins. Co. v. Griffin,* 955 S.W.2d 81, 84 (Tex. 1997).  If an insurer has no duty to defend, it has no duty to indemnify.  *See id.* at 82.  In this case, Atlantic argues that the provisions in

the Policy that negate a duty to defend, the "Classification Limitation" and the "Contractor Exclusion," also negate the duty to indemnify. The Court agrees and concludes that it can decide at this stage of the proceedings whether Atlantic owes San Martin a duty to indemnify.

"An insurer's duty to defend is determined solely by the allegations in the pleadings and the language of the insurance policy. This is the 'eight corners' or 'complaint allegation rule.' If a petition does not allege facts within the scope of coverage, an insurer is not legally required to defend a suit against its insured." *Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 528 (5th Cir. 2004) (quoting *King v. Dallas Fire Ins. Co.*, 85 S.W.3d 185, 187 (Tex. 2002)). "The insurer bears the burden of proving the applicability of any exclusions in the policy." *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546, 553 (5th Cir. 2004) (citation omitted).

### B. The Classification Limitation

The Classification Limitation in the Policy[2] provides that the Policy "does not apply to and no duty to defend is provided for" injuries resulting from operations that are not "classified or shown on the Commercial General Liability Coverage Declarations, its endorsements or supplements." *See* Policy, AGL-015. The

---

[2] The Policy is attached as Exhibit 1B to the Motion.

Declarations page of the Policy classifies the insured operations of McCormick as "Dry Wall or Wallboard Installation." *See id.* at AGD-GL1 01-03. There is no allegation in the Underlying Lawsuit that San Martin was injured while installing dry wall or wallboard. Instead, San Martin alleges that he was injured while working on a sky light.

The Declarations page of the Policy classifies the insured operations also to include work of subcontractors in connection with work on "one or two family dwellings." *See id.* at ACD-GLS 01-02. There is no allegation in the Underlying Lawsuit that San Martin was injured while working on a one or two family dwelling. Instead, San Martin alleges that he was injured while working on the construction of a hospital.

Because he was not injured while installing dry wall or wallboard at a one or two family dwelling, San Martin's claims in the Underlying Lawsuit are excluded by the Classification Limitation in the Policy. Atlantic owes no duty to indemnify San Martin for his claims in the Underlying Lawsuit.

### C. **The Contractor Exclusion**

The Contractor Exclusion in the Policy excludes coverage for injuries to employees of an insured's contractors. *See id.* at AGL-C-2XPUN, p. 4. San Martin alleges in the Underlying Lawsuit that he was injured while employed by and working

for Ramirez. *See* Underlying Lawsuit Petition, ¶ 10. It is undisputed that Ramirez was a subcontractor of McCormick. Consequently, coverage for San Martin's claims in the Underlying Lawsuit is excluded by the Contractor Exclusion and Atlantic owes no duty to indemnify San Martin.

## IV.   CONCLUSION AND ORDER

The claims that San Martin has asserted in the underlying state court litigation are excluded from coverage under the Policy. As a result, it is hereby

**ORDERED** that Plaintiff's Motion for Summary Judgment [Doc. # 29] is **GRANTED**. Plaintiff has no duty to indemnify San Martin for his claims in *Norberto San Martin v. McCormick Bros. Construction Co., Inc., et al.*, Cause No. 2006-61121 in the 127th Judicial District Court of Harris County, Texas.

The Court will issue a separate Final Judgment.

SIGNED at Houston, Texas, this 30th day of **July 2008.**

_____
Nancy F. Atlas
United States District Judge